UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PAUL KERKORIAN, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., a New Jersey corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | No. 1:18-cv-00870-DAD-SKO<br><br>ORDER TO SHOW CAUSE WHY MATTER SHOULD NOT BE DISMISSED FOR LACK OF JURISDICTION |

Plaintiff filed this putative class action on June 22, 2018, alleging various state law causes of action on behalf of a putative class of consumers who purchased POWERbot robotic vacuum cleaners from defendant. (Doc. No. 2 at ¶ 1.) Plaintiff's sole jurisdictional allegation is that this court "has jurisdiction over the Defendants named herein because such Defendants do business within the State of California." (*Id.* at ¶ 7.) Such a jurisdictional allegation is facially deficient. "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). "[S]ubject matter jurisdiction of the district court is not a waivable matter and may be raised at anytime by one of the parties, by motion or in the responsive pleadings, or *sua sponte* by the trial or reviewing court." *Emrich v. Touche Ross & Co.*, 846 F.2d 1190, 1194 n.2 (9th Cir. 1988); *see also Henderson ex rel. Henderson v. Shinseki*, 562 U.S. 428,

434–35 (2011) (noting objections to subject matter jurisdiction may be raised post-trial). The two most common bases for federal subject matter jurisdiction are cases that are based on federal law—commonly known as "federal question" jurisdiction, *see* 28 U.S.C. § 1331—and cases between parties of diverse citizenship that involve more than $75,000 in damages—commonly known as "diversity" jurisdiction, *see* 28 U.S.C. § 1332(a). Additionally, because this is a putative class action, it is possible plaintiff intended to invoke this court's jurisdiction under the Class Action Fairness Act ("CAFA"), which provides the federal courts with jurisdiction over class actions in which the parties have minimal diversity and there is more than $5 million in dispute, exclusive of interest and costs. *See* 28 U.S.C. § 1332(d). The complaint here, however, identifies no statutory basis for this court's jurisdiction. A statement that defendants "do business within the State of California," while possibly relevant to the question of personal jurisdiction, *see, e.g.*, *Calder v. Jones*, 465 U.S. 783, 788 (1984) (holding due process permits personal jurisdiction over defendants in states where the defendant has "certain minimum contacts") (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)), provides no basis for this court's subject matter jurisdiction.

Given the above, plaintiff is ordered to show cause within seven (7) days of service of this order as to why this case should not be dismissed for lack of jurisdiction. Plaintiff may discharge this order to show cause by identifying a statutory basis for jurisdiction and identifying the factual allegations in the complaint that support jurisdiction.

IT IS SO ORDERED.

Dated: **June 26, 2018**

UNITED STATES DISTRICT JUDGE

2