Lenden F. Webb (SBN 236377)
Christopher E. Nichols (SBN 316417)
**WEBB LAW GROUP, APC**
466 W. Fallbrook Ave. Suite 102
Fresno, CA 93711
Telephone: (559) 431-4888
Facsimile: (559) 821-4500
Email: LWebb@WBLawGroup.com
Email: CNichols@WBLawGroup.com

Christopher A. Olsen (SBN 236928)
**OLSEN LAW OFFICES, APC**
1010 San Diego Ave., Suite 1835
San Diego, CA 92101
Telephone: (619) 550-9352
Facsimile: (619) 923-2747
Email: CAOlsen@CAOlsenLawOffices.com

Attorneys for Plaintiff, PAUL KERKORIAN, individually
and on behalf of all others similarly situated

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA, FRESNO DIVISION

| | |
|---|---|
| PAUL KERKORIAN, an individual, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SAMSUNG ELECTRONICS AMERICA, INC., a New Jersey corporation, and DOES 1 through 25, inclusive,<br><br>Defendants. | Case No.:<br><br>**FIRST AMENDED CLASS ACTION COMPLAINT FOR:**<br><br>1. **FALSE ADVERTISING UNDER (BUS. & PROF. CODE §17500)**<br>2. **UNFAIR BUSINESS PRACTICES (BUS. & PROF. CODE §17200)**<br>3. **UNJUST ENRICHMENT**<br>4. **BREACH OF IMPLIED WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE**<br>5. **BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY**<br>6. **NEGLIGENT MISREPRESENTATION**<br>7. **INTENTIONAL MISREPRESENTATION**<br>8. **STRICT LIABILITY**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff PAUL KERKORIAN (hereinafter "PLAINTIFF"), alleges on behalf of himself and all others similarly situated, and brings this class action complaint against Defendants SAMSUNG ELECTRONICS AMERICA, INC., a New Jersey corporation, and DOES 1-25 (collectively "Defendants") as follows:

## I.   THE PARTIES

**A.   Plaintiffs:**

1.      Plaintiff, Paul Kerkorian, is a resident of Fresno, California and purchased a Samsung POWERbot model SR1AM7040WG, serial number 082C8NDJA03034J on or around January 18, 2018. Plaintiff therefore brings this action on behalf of himself and all others similarly situated, against all Defendants and DOES 1-25.

**B.   Defendants:**

2.      Defendant, SAMSUNG ELECTRONICS AMERICA, INC., (herein "Samsung") is a New Jersey corporation headquartered at 85 Challenger Road, Ridgefield Park, New Jersey, 07660-0511. Plaintiffs and the putative class are informed and believe, and based thereupon allege, Samsung Electronics America, Inc. produced, sold, and advertised a line of vacuum cleaners called POWERbot. Plaintiffs and the putative class are informed and believe, and based thereupon allege, Samsung Electronics America, Inc. advertised that five (5) of the six (6) vacuum cleaners in the POWERbot line were remotely operable and compatible with the Amazon Alexa, and that six (6) of the six (6) vacuum cleaners in the POWERbot line were remotely operable and compatible with iOS and Android mobile devices.

3.      Plaintiffs and the putative class are informed and believe and based thereupon allege that DOES 1 through 12 are persons, corporations, or other entities which reside or are authorized to do, and are doing, business in the State of California. The true identities of DOES 1 through 12 are currently unknown to Plaintiffs and the putative class, therefore, Plaintiffs and the putative class now sues DOES 1 through 12 by fictitious names. Plaintiff and the putative class will amend this Complaint to state the proper names of each Doe Defendant when its identity is discovered.

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

4.     Plaintiffs and the putative class are informed and believe and based thereupon allege that DOES 13 through 25 are persons, corporations, or other entities which reside or are authorized to do, and are doing, business in the State of California. The true identities of DOES 13 through 25 are currently unknown to Plaintiffs and the putative class, and therefore Plaintiffs and the putative class prays for leave to amend this Complaint to assert the proper names of each Doe Defendant when its identity is discovered. Plaintiffs and the putative class is informed and believes and based thereupon alleges that DOES 13 through 25 were the managerial agent, employee, predecessor, subsidiary successor, joint venture, co-conspirator, alter ego, and/or representative of each and every other Defendant named herein or identified as DOES 1 through 12, and acted with the permission, authorization and/or ratification and consent of each and every other Defendant at all relevant times herein.

5.     Plaintiffs and the putative class are informed and believe and based thereupon allege that DOES 9 through 17 is in some way responsible for, participated in, or contributed to the matters of which Plaintiffs and the putative class complains of, and has legal responsibility for those matters.

6.     Plaintiffs and the putative class are informed and believe, and based thereupon allege, each of the Defendants named above have caused or contributed to the damages Plaintiffs and the putative class have suffered as a result of the product defects associated with the remote operability and compatibility of the POWERbot devices.

## II. JURISDICTION

7.     This Court has jurisdiction over this case due to diversity under 28 U.S.C 1332(d)(2)(A).

8.     Plaintiff class is made up of members from the state of California, and Defendant is a New Jersey company making the parties diverse.

9.     The amount in controversy in the case exceeds $6,000,000.00

10.     Venue is proper in this Court because Defendants do business in the County of Fresno, and pursuant to Section of the California Code of Civil Procedure § 395.5 as the incidents giving rise to this action occurred in the County of Fresno, State of California.

11. This action arises from Defendants advertising and sale of the Samsung POWERbot R9350, R9250, R7090, R7070, and R7040: specifically advertised as (1) remotely operational through the use of, and compatible with, the Amazon, LLC Alexa; and (2) remotely operational through the use of, and compatible with, the Samsung Connect or Smart Home application available for iOS or Android devices.

12. This action further arises from Defendants advertising and sale of the Samsung POWERbot R7010 as remotely operational via Wi-Fi through the use of the Samsung connect or Smart Home application for iOS or Android devices.

13. Plaintiffs and the putative class are informed and believe and based thereupon allege that Defendants deliberately advertise the POWERbot robotic vacuum cleaners as containing the above-listed features, and compatible with the above-listed products, in order to compete with other high-end model robot vacuums.

14. Plaintiffs and the putative class are informed and believe and based thereupon allege that the remote functionality and compatibility with the Amazon, LLC Alexa for the Samsung POWERbot R9350, R9250, R7090, R7070, and R7040, does not function as advertised by Defendants.

15. Plaintiffs and the putative class are informed and believe and based thereupon allege that the remote functionality through use of the Samsung Connect or Smart Home applications on iOS or Android devices for the Samsung POWERbot R9350, R9250, R7090, R7070, R7040, and R7010 does not function as advertised by Defendants.

16. Plaintiff and the putative class are informed and believe, and based thereon allege, that the Samsung Connect and Samsung Smart Home applications do not reliably connect to Samsung's servers or the POWERbot device as advertised, do not save credentials for users as advertised, only works on certain router bands (forcing users to change their home internet settings), and periodically deletes itself from the user's mobile device.

17. Plaintiff and the putative class are informed and believe and based thereupon allege that the Samsung POWERbot line of vacuum cleaners, including the R9350, R9250,

**WEBB LAW GROUP, APC**
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

R7090, R7070, and R7040 cannot reliably connect to the Amazon, LLC Alexa as advertised by Defendants, and are not reliably remotely operable through use of the Amazon, LLC Alexa as advertised by Defendants.

18. Plaintiffs and the putative class are informed and believe and based thereupon allege that the Samsung POWERbot line of vacuum cleaners, including the R9350, R9250, R7090, R7070, R7040, and R7010 do not have usable Samsung Connect, Smart Home, or Alexa features.

19. Plaintiffs and the putative class are informed and believe, and based thereupon allege that Samsung Electronics America, Inc. also sells a separate "Smart Hub" which **may** improve the functionality of the POWERbot vacuums with the Samsung Connect or Smart Home iOS or Android applications. However, Plaintiffs and the putative class are informed and believe, and based thereupon allege that Samsung Electronics America, Inc. does not advertise that one needs to purchase the "Smart Hub" in order to use the remote functionality features of the POWERbot via the Samsung Connect or Smart Home applications.

## IV. **CLASS ACTION ALLEGATION**

20. Plaintiff Paul Kerkorian brings this action, pursuant to California Code of Civil Procedure § 382, on behalf of himself and all other similarly situated who have been damaged as a result of Defendants' false advertising regarding the features and compatibility of the POWERbot line of vacuum cleaners with mobile devices and the Amazon Alexa. The following class(es) (hereinafter referred to as "class" unless otherwise stated):

**1.     POWERbot False Advertising Class A**

All persons who have purchased a Samsung POWERbot R9350, R9250, R7090, R7070, R7040, or R7010 since the release of the product line.

    **a.  POWERbot Alexa and Mobile Subclass**

All persons who have purchased a Samsung POWERbot R9350, R9250, R7090, R7070, or R7040 since release of the product line.

    **b.  POWERbot Smart Hub Subclass**

All persons who have purchased a Samsung POWERbot R9350, R9250, R7090, R7070, or R7040 since the release of the product line, and afterward purchased a Samsung Smart Hub.

**c. POWERbot R7010 False Advertising Class B**

All persons who have purchased a Samsung POWERbot R7010 since the release of the product line.

**d. POWERbot R7010 Smart Hub Subclass**

All persons who have purchased a Samsung POWERbot R7010 since the release of the product line, and afterward purchased a Samsung Smart Hub.

21.     Excluded from the Classes are: (1) the officers and directors of any of the Defendants; (2) any judge or judicial officer assigned to this matter and his or her immediate family and staff; and (3) any legal representatives, successor, or assigns of any excluded persons or entities.

22.     This action is properly maintained as a class action because Plaintiffs can prove the elements of each claim on a class-wide basis, suing the same evidence that Plaintiffs would use to maintain and prove an individual action. Thus, the action may be properly maintained on behalf of each of the proposed Class(es) pursuant to California Code of Civil Procedure § 381.

23.     The members of each class are so numerous that joinder of all members would be impracticable. The precise number of class members is unknown at this time. However, based on information and belief, the members of the class are made up of hundreds of thousands of consumers.

24.     Questions of law and fact common to the class predominate over any questions affecting any individual member, and a class action is superior to all other available methods for the fair and efficient adjudication of the controversy:

25.     Common questions of law and fact include but are not limited to:

a.     Whether Defendants committed the violations of the law alleged herein;

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

    b.   Whether Defendants participate in and perpetrated the tortious conduct complained of herein;

    c.   Whether Defendants acted willfully, with conscious disregard for the rights of Plaintiffs and the putative class, recklessly, with gross negligence, or negligently in each and every particular aspect of the use operation, and maintenance of the Property that caused harmful development of toxic contamination and mold;

    d.   Whether injunctive relief should be awarded in the form of an order directing Defendants to remediate the defects associated with the POWERbot line, or remediate existent discrepancies between Defendants' advertising and the products' functionality.

26.    Plaintiff's claims are typical of the class member's claims because the class members were comparably damaged, as consumers and purchasers of a Samsung POWERbot vacuum, by Defendants' false advertising and wrongful conduct as described herein.

27.    Plaintiff is an adequate Class Representative because Plaintiff is committed to prosecuting the action and has retained competent counsel experienced in litigation of this nature. Plaintiff's claims are typical of the claims of other Members of the class and Plaintiff has the same non-conflicting interests as the other class members. Plaintiffs and their counsel would fairly and adequately represent the interests of the class.

28.    Class treatment is superior to any other available means of prosecution of fair and efficient adjudication of this controversy. There are no unusual difficulties that are likely to arise in the management of this action. Class treatment benefits the courts. Individualized litigation promises inconsistent or contradictory judgment, unnecessary overlap of resources, and increases the delay and expense to all those accessing the courts. Class treatment brings with it the benefit of a single adjudication, the supervision of a single court, and the consolidation of the courts' and parties' resources.

29.    The prosecution of separate actions by individual class members would create the risk of inconsistent or varying adjudications with respect to individual class members which would establish incompatible standards of conduct for Defendants or which would, as a

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

practical matter, be dispositive of the interests of the other members not parties to the adjudication or substantially impair or impede their ability to protect their interests. Defendants have acted, or refused to act, on grounds generally applicable to, and causing injury to the class members, therefore, preliminary and final injunctive relief and damages for Defendants' injurious conduct is appropriate.

## FIRST CAUSE OF ACTION

### False Advertising Under Business & Professions Code §17500

### (By Plaintiffs and the Putative Class Against all Defendants, and DOES 1-25)

30. Plaintiffs and the putative class repeat and reallege the foregoing paragraphs 1-28 of this Class Action Complaint and incorporate them herein by reference as though set forth in full herein.

31. At all relevant times, Defendants intended to produce, develop, and advertise the POWERbot line of vacuum cleaners in order to sell the vacuum cleaners to the general public.

32. At all relevant times, Defendants advertised that the POWERbot R9350, R9250, R7090, R7070, andR7040 were compatible with the Amazon, LLC Alexa, and iOS and Android devices via the use of the Samsung Connect or Smart Home applications.

33. At all relevant times, Defendants advertised that the POWERbot R7010 was compatible with iOS and Android devices via the use of the Samsung Connect or Smart Home application.

34. Plaintiff and the putative class are informed and believe, and thereon allege that Defendants never advertised that the Samsung "Smart Hub" was required to be purchased in order to utilize the aforementioned mobile device and "Alexa" compatibility features associated with the POWERbot line.

35. Plaintiff and the putative class are informed and believe, and thereon allege that the Amazon, LLC Alexa compatibility features advertised for the Samsung POWERbot R9350, R9250, R7090, R7070, R7040 are not usable as advertised. The Samsung POWERbot models

previously mentioned do not reliably connect to the Amazon, LLC Alexa, and are not reliably remotely operable through the use of the Amazon, LLC Alexa.

36.     Plaintiff and the putative class are informed and believe, and thereon allege that the iOS and Android compatibility features, advertised as available through the use of the Samsung Connect or Smart Home application, for the POWERbot R9350, R9250, R7090, R7070, R7040, and R7010 are not usable.

37.     Plaintiff and the putative class are informed and believe, and based thereon allege, that the Samsung Connect and Samsung Smart Home applications do not reliably connect to Samsung's servers or the POWERbot device as advertised, do not save credentials for users as advertised, only works on certain router bands (forcing users to change their home internet settings), and periodically deletes itself from the user's mobile device.

38.     Plaintiff and the putative class are informed and believe, and thereon allege that Defendants knew, or through the exercise of reasonable care should have known, that the iOS and Android, and the Alexa compatibility features did not function as advertised.

39.     Plaintiff and the putative class are informed and believe and based thereon allege that in order to fix compatibility issues with the Amazon, LLC Alexa and iOS and Android devices, purchasers bought the Samsung "Smart Hub" which sometimes makes devices work with a home network. Samsung never advertised that purchase of the "Smart Hub" was required in order to utilize Alexa and mobile device compatibility.

40.     As a result of Defendants' advertisements regarding the compatibility of the POWERbot vacuums, Plaintiff and the putative class were led to believe that the product they purchased had remote features associated with the Amazon, LLC Alexa, iOS, and Android devices, despite the fact that these features are not functional.

## SECOND CAUSE OF ACTION

**Unfair Competition Under Business and Professions Code § 17200**

**(By Plaintiffs and the Putative Class Against all Defendants, and DOES 1-25)**

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

41.     Plaintiffs and the putative class repeat and reallege the foregoing paragraphs 1-38 of this Class Action Complaint and incorporate them herein by reference as though set forth in full herein.

42.     At all relevant times, Defendants intended to produce, develop, and advertise the POWERbot line of vacuum cleaners in order to sell the vacuum cleaners to the general public.

43.     At all relevant times, Defendants advertised that the POWERbot R9350, R9250, R7090, R7070, andR7040 were compatible with the Amazon, LLC Alexa, and iOS and Android devices via the use of the Samsung Connect or Smart Home applications.

44.     At all relevant times, Defendants advertised that the POWERbot R7010 was compatible with iOS and Android devices via the use of the Samsung Connect or Smart Home application.

45.     Plaintiff and the putative class are informed and believe, and thereon allege that Defendants never advertised that the Samsung "Smart Hub" was required to be purchased in order to utilize the aforementioned mobile device and "Alexa" compatibility features associated with the POWERbot line.

46.     Plaintiff and the putative class are informed and believe, and thereon allege that the Amazon, LLC Alexa compatibility features advertised for the Samsung POWERbot R9350, R9250, R7090, R7070, R7040 are not usable as advertised. The Samsung POWERbot models previously mentioned do not reliably connect to the Amazon, LLC Alexa, and are not reliably remotely operable through the use of the Amazon, LLC Alexa.

47.     Plaintiff and the putative class are informed and believe, and thereon allege that the iOS and Android compatibility features, advertised as available through the use of the Samsung Connect or Smart Home application, for the POWERbot R9350, R9250, R7090, R7070, R7040, and R7010 are not usable.

48.     Plaintiff and the putative class are informed and believe, and based thereon allege, that the Samsung Connect and Samsung Smart Home applications do not reliably connect to Samsung's servers or the POWERbot device as advertised, do not save credentials

for users as advertised, only works on certain router bands (forcing users to change their home internet settings), and periodically deletes itself from the user's mobile device.

49.     Plaintiffs and the putative class are informed and believe, and based thereon allege that Defendants fraudulent, unfair, deceptive, untrue, and misleading advertising campaign regarding the compatibility features of the Samsung POWERbot line is likely to deceive the public regarding the remote operability, connectivity, and compatibility of the Samsung POWERbot.

### THIRD CAUSE OF ACTION

**Unjust Enrichment**

**(By Plaintiffs and the Putative Class Against all Defendants, and DOES 1-25)**

50.     Plaintiffs and the putative class repeat and reallege the foregoing paragraphs 1-28 of this Class Action Complaint and incorporate them herein by reference as though set forth in full herein.

51.     At all relevant times, Defendants intended to produce, develop, and advertise the POWERbot line of vacuum cleaners in order to sell the vacuum cleaners to the general public.

52.     At all relevant times, Defendants advertised that the POWERbot R9350, R9250, R7090, R7070, andR7040 were compatible with the Amazon, LLC Alexa, and iOS and Android devices via the use of the Samsung Connect or Smart Home applications.

53.     At all relevant times, Defendants advertised that the POWERbot R7010 was compatible with iOS and Android devices via the use of the Samsung Connect or Smart Home application.

54.     Plaintiff and the putative class are informed and believe, and thereon allege that Defendants never advertised that the Samsung "Smart Hub" was required to be purchased in order to utilize the aforementioned mobile device and "Alexa" compatibility features associated with the POWERbot line.

55.     Plaintiff and the putative class are informed and believe, and thereon allege that the Amazon, LLC Alexa compatibility features advertised for the Samsung POWERbot R9350, R9250, R7090, R7070, R7040 are not usable as advertised. The Samsung POWERbot models

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

previously mentioned do not reliably connect to the Amazon, LLC Alexa, and are not reliably remotely operable through the use of the Amazon, LLC Alexa.

56.     Plaintiff and the putative class are informed and believe, and thereon allege that the iOS and Android compatibility features, advertised as available through the use of the Samsung Connect or Smart Home application, for the POWERbot R9350, R9250, R7090, R7070, R7040, and R7010 are not usable.

57.     Plaintiff and the putative class are informed and believe, and based thereon allege, that the Samsung Connect and Samsung Smart Home applications do not reliably connect to Samsung's servers or the POWERbot device as advertised, do not save credentials for users as advertised, only works on certain router bands (forcing users to change their home internet settings), and periodically deletes itself from the user's mobile device.

58.     Plaintiff and the putative class are informed and believe and based thereon allege that Defendants have received significant benefit through their misleading advertising campaign, allowing the POWERbot line of Samsung vacuums to compete on the market with other "high-tech" robotic vacuum cleaners.

59.     Plaintiff and the putative class are informed and believe and based thereon allege that Defendants have received and retained this significant commercial benefit at the expensive of Plaintiff and the putative class given the defective nature of the features Defendants advertised.

## FOURTH CAUSE OF ACTION

### Breach of Implied Warranty of Fitness for a Particular Purpose

### (By Plaintiffs and the Putative Class Against all Defendants, and DOES 1-25)

60.     Plaintiffs and the putative class repeat and reallege the foregoing paragraphs 1-57 of this Class Action Complaint and incorporate them herein by reference as though set forth in full herein.

61.     At all relevant times, Defendants intended to produce, develop, and advertise the POWERbot line of vacuum cleaners in order to sell the vacuum cleaners to the general public.

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

62. At all relevant times, Defendants advertised that the POWERbot R9350, R9250, R7090, R7070, andR7040 were compatible with the Amazon, LLC Alexa, and iOS and Android devices via the use of the Samsung Connect or Smart Home applications.

63. At all relevant times, Defendants advertised that the POWERbot R7010 was compatible with iOS and Android devices via the use of the Samsung Connect or Smart Home application.

64. Plaintiff and the putative class are informed and believe, and thereon allege that Defendants never advertised that the Samsung "Smart Hub" was required to be purchased in order to utilize the aforementioned mobile device and "Alexa" compatibility features associated with the POWERbot line.

65. Plaintiff and the putative class are informed and believe, and thereon allege that the Amazon, LLC Alexa compatibility features advertised for the Samsung POWERbot R9350, R9250, R7090, R7070, R7040 are not usable as advertised. The Samsung POWERbot models previously mentioned do not reliably connect to the Amazon, LLC Alexa, and are not reliably remotely operable through the use of the Amazon, LLC Alexa.

66. Plaintiff and the putative class are informed and believe, and thereon allege that the iOS and Android compatibility features, advertised as available through the use of the Samsung Connect or Smart Home application, for the POWERbot R9350, R9250, R7090, R7070, R7040, and R7010 are not usable.

67. Plaintiff and the putative class are informed and believe, and based thereon allege, that the Samsung Connect and Samsung Smart Home applications do not reliably connect to Samsung's servers or the POWERbot device as advertised, do not save credentials for users as advertised, only works on certain router bands (forcing users to change their home internet settings), and periodically deletes itself from the user's mobile device.

68. Plaintiff and the putative class are informed and believe and based thereon allege that Defendants knew at the time of purchase, consumers would buy the Samsung POWERbot vacuum cleaner to utilize the mobile and compatibility features advertised by Defendants.

**WEBB LAW GROUP, APC**
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

69.     Plaintiff and the putative class justifiably relied upon the express representations made through Defendants' advertising campaign when purchasing a Samsung POWERbot vacuum.

70.     Plaintiff and the putative class are informed and believe and based thereon allege that the Samsung POWERbot line of vacuum cleaners are not suitable for use as a vacuum cleaner compatible and remotely operable through the use of mobile devices and the Amazon LLC, Alexa.

71.     Plaintiff and the putative class are informed and believe and based thereon allege that Defendants have received many complaints regarding the issues associated with mobile and Alexa compatibility, including a CLRA letter from Plaintiff and the putative class.

72.     Plaintiff and the putative class have been harmed as a result of the fact that the Samsung POWERbot is not suitable for use as a vacuum cleaner compatible and remotely operable through the use of mobile devices and the Amazon, LLC Alexa.

73.     Plaintiff and the putative class are informed and believe and based thereon allege that the defects with the Samsung POWERbot line of vacuum cleaners caused the harm alleged herein.

## V.     **FIFTH CAUSE OF ACTION**

**Breach of Implied Warranty of Merchantability**

**(By Plaintiff and the Putative Class Against all Defendants, and DOES 1-25)**

74.     Plaintiffs and the putative class repeat and reallege the foregoing paragraphs 1-71 of this Class Action Complaint and incorporate them herein by reference as though set forth in full herein.

75.     At all relevant times, Defendants intended to produce, develop, and advertise the POWERbot line of vacuum cleaners in order to sell the vacuum cleaners to the general public.

76.     At all relevant times, Defendants advertised that the POWERbot R9350, R9250, R7090, R7070, andR7040 were compatible with the Amazon, LLC Alexa, and iOS and Android devices via the use of the Samsung Connect or Smart Home applications.

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

77.    At all relevant times, Defendants advertised that the POWERbot R7010 was compatible with iOS and Android devices via the use of the Samsung Connect or Smart Home application.

78.    Plaintiff and the putative class are informed and believe, and thereon allege that Defendants never advertised that the Samsung "Smart Hub" was required to be purchased in order to utilize the aforementioned mobile device and "Alexa" compatibility features associated with the POWERbot line.

79.    Plaintiff and the putative class are informed and believe, and thereon allege that the Amazon, LLC Alexa compatibility features advertised for the Samsung POWERbot R9350, R9250, R7090, R7070, R7040 are not usable as advertised. The Samsung POWERbot models previously mentioned do not reliably connect to the Amazon, LLC Alexa, and are not reliably remotely operable through the use of the Amazon, LLC Alexa.

80.    Plaintiff and the putative class are informed and believe, and thereon allege that the iOS and Android compatibility features, advertised as available through the use of the Samsung Connect or Smart Home application,  for the POWERbot R9350, R9250, R7090, R7070, R7040, and R7010 are not usable.

81.    Plaintiff and the putative class are informed and believe, and based thereon allege, that the Samsung Connect and Samsung Smart Home applications do not reliably connect to Samsung's servers or the POWERbot device as advertised, do not save credentials for users as advertised, only works on certain router bands (forcing users to change their home internet settings), and periodically deletes itself from the user's mobile device

82.    Plaintiff and the putative class are informed and believe, and based thereon allege that Defendants knew at the time of purchase, consumers would buy the Samsung POWERbot vacuum cleaner to utilize the mobile and compatibility features advertised by Defendants.

83.    Plaintiff and the putative class justifiably relied upon the express representations made through Defendants' advertising campaign when purchasing a Samsung POWERbot vacuum.

84.     Plaintiff and the putative class are informed and believe, and based thereon allege that the Samsung POWERbot line of vacuum cleaners are not suitable for use as a vacuum cleaner compatible and remotely operable through the use of mobile devices and the Amazon LLC, Alexa.

85.     Plaintiff and the putative class are informed and believe, and based thereon allege that Defendants have received many complaints regarding the issues associated with mobile and Alexa compatibility, including a CLRA letter from Plaintiff and the putative class.

86.     Plaintiff and the putative class have been harmed as a result of the fact that the Samsung POWERbot is not suitable for use as a vacuum cleaner compatible and remotely operable through the use of mobile devices and the Amazon, LLC Alexa, and is not of the same quality of other high-tech, remotely operated robot vacuum cleaners with respect to compatibility and remote functionality through the use of mobile devices and the Amazon, LLC Alexa.

87.     Plaintiff and the putative class are informed and believe and based thereon allege that the defects with the Samsung POWERbot line of vacuum cleaners caused the harm alleged herein.

### SIXTH CAUSE OF ACTION

**Negligent Misrepresentation**

**(By Plaintiff and the Putative Class Against all Defendants, and DOES 1-25)**

88.     Plaintiffs and the putative class repeat and reallege the foregoing paragraphs 1-85 of this Class Action Complaint and incorporate them herein by reference as though set forth in full herein.

89.     At all relevant times, Defendants intended to produce, develop, and advertise the POWERbot line of vacuum cleaners in order to sell the vacuum cleaners to the general public.

90.     At all relevant times, Defendants advertised that the POWERbot R9350, R9250, R7090, R7070, andR7040 were compatible with the Amazon, LLC Alexa, and iOS and Android devices via the use of the Samsung Connect or Smart Home applications.

91.     At all relevant times, Defendants advertised that the POWERbot R7010 was compatible with iOS and Android devices via the use of the Samsung Connect or Smart Home application.

92.     Plaintiff and the putative class are informed and believe, and thereon allege that Defendants never advertised that the Samsung "Smart Hub" was required to be purchased in order to utilize the aforementioned mobile device and "Alexa" compatibility features associated with the POWERbot line.

93.     Plaintiff and the putative class are informed and believe, and thereon allege that the Amazon, LLC Alexa compatibility features advertised for the Samsung POWERbot R9350, R9250, R7090, R7070, R7040 are not usable as advertised. The Samsung POWERbot models previously mentioned do not reliably connect to the Amazon, LLC Alexa, and are not reliably remotely operable through the use of the Amazon, LLC Alexa.

94.     Plaintiff and the putative class are informed and believe, and thereon allege that the iOS and Android compatibility features, advertised as available through the use of the Samsung Connect or Smart Home application,  for the POWERbot R9350, R9250, R7090, R7070, R7040, and R7010 are not usable.

95.     Plaintiff and the putative class are informed and believe, and based thereon allege, that the Samsung Connect and Samsung Smart Home applications do not reliably connect to Samsung's servers or the POWERbot device as advertised, do not save credentials for users as advertised, only works on certain router bands (forcing users to change their home internet settings), and periodically deletes itself from the user's mobile device

96.     Plaintiff and the putative class are informed and believe, and based thereon allege that Defendants knew at the time of purchase, consumers would buy the Samsung POWERbot vacuum cleaner to utilize the mobile and compatibility features advertised by Defendants.

97.     Plaintiff and the putative class are informed and believe, and based thereon allege that Defendants knew or should have known that the representations made in

Defendants' advertisements regarding the remote operability and compatibility of the Samsung POWERbot vacuums with mobile and Alexa devices were false.

98.     Plaintiff and the putative class are informed and believe, and based thereon allege that Defendants made representations regarding the remote operability and compatibility of the Samsung POWERbot vacuums in order to induce consumers, including Plaintiff and the putative class, to purchase the device.

99.     Plaintiff and the putative class reasonably relied on the representations Defendant made regarding the devices through their advertising campaigns, and have suffered harm as a result of purchasing POWERbot vacuums based on the representations Defendant made regarding the devices through their advertising campaigns regarding mobile and Alexa remote operability and compatibility.

## VI.  <u>SEVENTH CAUSE OF ACTION</u>

### Intentional Misrepresentation

### (By Plaintiff and the Putative Class Against all Defendants, and DOES 1-25)

100.     Plaintiffs and the putative class repeat and reallege the foregoing paragraphs 1-97 of this Class Action Complaint and incorporate them herein by reference as though set forth in full herein.

101.     At all relevant times, Defendants intended to produce, develop, and advertise the POWERbot line of vacuum cleaners in order to sell the vacuum cleaners to the general public.

102.     At all relevant times, Defendants advertised that the POWERbot R9350, R9250, R7090, R7070, andR7040 were compatible with the Amazon, LLC Alexa, and iOS and Android devices via the use of the Samsung Connect or Smart Home applications.

103.     At all relevant times, Defendants advertised that the POWERbot R7010 was compatible with iOS and Android devices via the use of the Samsung Connect or Smart Home application.

104.     Plaintiff and the putative class are informed and believe, and thereon allege that Defendants never advertised that the Samsung "Smart Hub" was required to be purchased in

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

order to utilize the aforementioned mobile device and "Alexa" compatibility features associated with the POWERbot line.

105. Plaintiff and the putative class are informed and believe, and thereon allege that the Amazon, LLC Alexa compatibility features advertised for the Samsung POWERbot R9350, R9250, R7090, R7070, R7040 are not usable as advertised. The Samsung POWERbot models previously mentioned do not reliably connect to the Amazon, LLC Alexa, and are not reliably remotely operable through the use of the Amazon, LLC Alexa.

106. Plaintiff and the putative class are informed and believe, and thereon allege that the iOS and Android compatibility features, advertised as available through the use of the Samsung Connect or Smart Home application, for the POWERbot R9350, R9250, R7090, R7070, R7040, and R7010 are not usable.

107. Plaintiff and the putative class are informed and believe, and based thereon allege, that the Samsung Connect and Samsung Smart Home applications do not reliably connect to Samsung's servers or the POWERbot device as advertised, do not save credentials for users as advertised, only works on certain router bands (forcing users to change their home internet settings), and periodically deletes itself from the user's mobile device.

108. Plaintiff and the putative class are informed and believe, and based thereon allege that Defendants knew at the time of purchase, consumers would buy the Samsung POWERbot vacuum cleaner to utilize the mobile and compatibility features advertised by Defendants.

109. Plaintiff and the putative class are informed and believe, and based thereon allege that Defendants knew that the representations made in Defendants' advertisements regarding the remote operability and compatibility of the Samsung POWERbot vacuums with mobile and Alexa devices were false.

110. Plaintiff and the putative class are informed and believe, and based thereon allege that Defendants made representations regarding the remote operability and compatibility of the Samsung POWERbot vacuums in order to induce consumers, including Plaintiff and the putative class, to purchase the device.

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

111.    Plaintiff and the putative class reasonably relied on the representations Defendant made regarding the devices through their advertising campaigns, and have suffered harm as a result of purchasing POWERbot vacuums based on the representations Defendant made regarding the devices through their advertising campaigns regarding mobile and Alexa remote operability and compatibility.

///

///

## EIGHTH CAUSE OF ACTION

### Strict Liability

### (By Plaintiff and the Putative Class Against all Defendants, and DOES 1-25)

112.    Plaintiffs and the putative class repeat and reallege the foregoing paragraphs 1-109 of this Class Action Complaint and incorporate them herein by reference as though set forth in full herein.

113.    At all relevant times, Defendants intended to produce, develop, and advertise the POWERbot line of vacuum cleaners in order to sell the vacuum cleaners to the general public.

114.    At all relevant times, Defendants advertised that the POWERbot R9350, R9250, R7090, R7070, andR7040 were compatible with the Amazon, LLC Alexa, and iOS and Android devices via the use of the Samsung Connect or Smart Home applications.

115.    At all relevant times, Defendants advertised that the POWERbot R7010 was compatible with iOS and Android devices via the use of the Samsung Connect or Smart Home application.

116.    Plaintiff and the putative class are informed and believe, and thereon allege that Defendants never advertised that the Samsung "Smart Hub" was required to be purchased in order to utilize the aforementioned mobile device and "Alexa" compatibility features associated with the POWERbot line.

117.    Plaintiff and the putative class are informed and believe, and thereon allege that the Amazon, LLC Alexa compatibility features advertised for the Samsung POWERbot R9350, R9250, R7090, R7070, R7040 are not usable as advertised. The Samsung POWERbot models

WEBB LAW GROUP, APC
466 West Fallbrook Avenue, Suite 102
Fresno, California 93711

previously mentioned do not reliably connect to the Amazon, LLC Alexa, and are not reliably remotely operable through the use of the Amazon, LLC Alexa.

118.     Plaintiff and the putative class are informed and believe, and thereon allege that the iOS and Android compatibility features, advertised as available through the use of the Samsung Connect or Smart Home application, for the POWERbot R9350, R9250, R7090, R7070, R7040, and R7010 are not usable.

119.     Plaintiff and the putative class are informed and believe, and based thereon allege, that the Samsung Connect and Samsung Smart Home applications do not reliably connect to Samsung's servers or the POWERbot device as advertised, do not save credentials for users as advertised, only works on certain router bands (forcing users to change their home internet settings), and periodically deletes itself from the user's mobile device.

120.     Plaintiff and the putative class are informed and believe and based thereon allege that the design or manufacturing defects associated with the lack of compatibility and remote operability of the POWERbot line of vacuums with mobile and Alexa devices has caused Plaintiff and the putative class material harm, improperly inducing consumers to purchase the devices despite the devices' defects.

## **PRAYER FOR RELIEF**

Plaintiff individually and on behalf of all others similarly situated, requests judgment against Defendant as follows:

1.     For damages of $5,000,001.00

2.     For an order certifying the Class and appointing Plaintiff as representative of the Class, and appointing the undersigned as Class Counsel;

3.     For an order enjoining Defendants to repair the remote operability and compatibility issues with the POWERbot line of Samsung vacuum cleaners;

4.     For all recoverable compensatory, statutory, and other damages sustained by Plaintiffs and the Class, including disgorgement, unjust enrichment, and all other relief allowed under applicable laws;

5.      For costs;

6.      For both pre-judgment and post-judgment interest on any amounts awarded at the highest allowable rate;

7.      For appropriate injunctive relief;

8.      For damages insofar as they are allowed by applicable laws;

9.      For payment of attorneys' fees and expert fees as may be allowable under applicable law, including but not limited to Cal. Gov. Code section 8670.56.5(f) the Private Attorney General Act ("PAGA"), Cal. Lab. Code section 2698, et seq., Cal. Code of Civil Procedure section 1021.5, and Cal. Code Civ. Proc. Section 1036;

10.     For such other and further relief, including declaratory relief, as the Court may deem just and proper.

Dated: _____, 2018          **WEBB LAW GROUP, APC**

By_____
    LENDEN F. WEBB
    CHRISTOPHER E. NICHOLS
    Attorneys for Plaintiff individually and
    on behalf of all others similarly situated.